UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARCOSH, LTD.
                                              CIVIL ACTION
VERSUS
                                              NUMBER 08-92-JVP-SCR
WALTER C. DUMAS, ET AL.

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery Under Rule 37(a) filed by plaintiff Barcosh, Ltd. Record document number 10. The motion is opposed.[1]

Plaintiff filed this action seeking the revocation of any contractual rights and other assets transferred from Dumas And Associates Law Corporation (Dumas Corp) to Dumas & Associates Law Firm, L.L.C (Dumas LLC). Plaintiff argued that these assets should be returned and used for payment of a separate judgment rendered in a related civil lawsuit against Walter C. Dumas and Dumas Corp in favor of the plaintiff.[2]

Plaintiff filed this motion to compel the defendants to provide certain information and documents sought in interrogatories and requests for production of documents. Plaintiff argued that it is seeking the same discoverable information that was previously ordered for production by this Court in the related action,

---

[1] Record document number 13.

[2] *See*, CV 06-616-JJB-SCR.

particularly:

- (a) any lawsuit from which the defendants may be entitled to receive a fee for legal services rendered or for referral of a matter to another attorney;

- (b) any contract or agreement under which defendants are entitled to receive fees for legal services rendered or for referral of a matter to another attorney;

- (c) wages, salary, compensation, dividends, or other distributions of any kind paid directly or indirectly to Walter C. Dumas and other shareholders or employees of Dumas and Associates Law Corporation during the last three years;

- (d) any class action legal proceedings in which defendants represent the class, or in which defendants represent any class member in any capacity, or from which defendants have a right to receive a fee for professional services rendered as an attorney; and

- (e) any balance sheet, income statement cash flow statement, or other financial statement of any kind prepared or maintained by the defendants during the last three years.

Plaintiff asserted that it served its discovery requests on June 17, 2008. Plaintiff sent a letter on July 18, 2008 notifying the defendants that their responses were delinquent and requesting a conference on July 21, 2008 to discuss the discovery dispute.[3] Later that day, the defendants' counsel informed the plaintiff via email that he would be out of town from July 19-26, 2008 and

---

[3] Plaintiff exhibit 3.

requested that the conference be held on July 28, 2008.[4] Plaintiff asserted that it decided to proceed with filing its motion to compel because it believed that the defendants were not acting in good faith considering their prior conduct and repeated refusal to provide the same information and documents in the related action.

Defendants argued that the plaintiff's motion should be denied because the plaintiff failed to make a good faith attempt to confer with counsel as required under Rule 37(a)(1), Fed.R.Civ.P. Defendants' counsel asserted that he was out of town the week of July 21, 2008 at a AAU National Basketball Tournament in Florida. Defendants argued that the plaintiff knew that their counsel would be out of town the week this motion was filed. Defendants argued that one letter requesting a conference call is not sufficient to establish a good faith attempt to confer to resolve any discovery dispute.

Plaintiff has demonstrated that the defendants have been unwilling in the related matter to produce discovery responses seeking the same information, even when ordered by this Court. Plaintiff was justified in assuming that this discovery dispute could not be resolved and that the defendants would try any tactic to delay production. In these circumstances, the plaintiff's limited attempt to confer with the defendants' counsel is sufficient for the purpose of satisfying Rule 37(a)(1).

---

[4] Plaintiff exhibit 4.

The merits of the plaintiff's motion to compel have been previously addressed in the related action.[5] Defendants have not made any new substantive argument to support their refusal to produce the documents. Thus, for the same reasons recited in the ruling granting the motion to compel in related action, the plaintiff is entitled to relief under Rule 37(a), Fed.R.Civ.P. Therefore, the defendants must serve answers to the plaintiffs interrogatories, and produce all documents which disclose the information described in items (a)-(e) above, within ten days. No objections will be allowed.[6]

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants' continued failure to respond to the plaintiff's

---

[5] *See*, CV 06-616-JJB-SCR, record document number 137.

[6] Generally discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

efforts to obtain the requested discovery and the lack of new arguments addressing the merits of this motion demonstrate that the plaintiff is entitled to an award of reasonable expenses under this rule.[7]  Plaintiff submitted an affidavit in its Rule 37 certification in which it itemized the attorney's fees incurred in bringing this motion, which totaled $800.00 (4 hours @ $200.00/hr.).[8]  A review of this evidence and the memorandum supports the conclusion this expense is reasonable.

Accordingly, the Motion to Compel Discovery Under Rule 37(a) filed by plaintiff Barcosh, Ltd. is granted.  Within ten days defendants Walter C. Dumas, Dumas And Associates Law Corporation, and Dumas & Associates Law Firm, L.L.C. shall serve answers to the plaintiff's interrogatories and produce all documents which disclose the following information:

    (a)    any lawsuit from which the defendants may be entitled to receive a fee for legal services rendered or for referral of a matter to another attorney;

    (b)    any contract or agreement under which defendants are entitled to receive fees for legal services rendered or for referral of a matter to another attorney;

    (c)    wages, salary, compensation, dividends, or other distributions of any kind paid directly or indirectly to Walter C. Dumas and other

---

[7] These same facts show that the defendants' actions are not substantially justified and there are no circumstances which make an award of expenses unjust.

[8] Record document number 10, Rule 37(a)(1) Certificate.

        shareholders or employees of Dumas and Associates Law Corporation during the last three years;

(d)    any class action legal proceedings in which defendants represent the class, or in which defendants represent any class member in any capacity, or from which defendants have a right to receive a fee for professional services rendered as an attorney; and

(e)    any balance sheet, income statement cash flow statement, or other financial statement of any kind prepared or maintained by the defendants during the last three years.

Pursuant to Rule 37(a)(5)(A), the defendants are also ordered to pay to the plaintiff, within ten days, reasonable expenses in the amount of $800.00.

Baton Rouge, Louisiana, September 18, 2008.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE